IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT CHAPOLINI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-284 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA; | : | |
| PHILADELPHIA DEPARTMENT OF | : | |
| PRISONS COMMISSIONER BLANCHE | : | |
| CARNEY; CORIZON HEALTH | : | |
| PERSONNEL; R.N. KEIADY; and | : | |
| DOCTOR STEVEN WILBRAHAM, | : | |
| individually and in their official capacities, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 17th day of March, 2022, after considering the following documents submitted by the *pro se* plaintiff, Vincent Chapolini ("Chapolini"): (1) an application for leave to proceed *in forma pauperis* (Doc. No. 1), (2) a complaint (Doc. No. 2), (3) a prisoner trust fund account statement (Doc. No. 3), (4) a motion to appoint counsel (Doc. No. 4), and (5) a "Motion of Notification" (Doc. No. 9); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. Chapolini's application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED**, and Chapolini has leave to proceed *in forma pauperis*;

2. Vincent Chapolini, #960362, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the Warden of the Philadelphia Industrial Correctional Center ("PICC") or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Chapolini's inmate account; or (b) the average monthly balance in Chapolini's inmate account for

the six-month period immediately preceding the filing of this case. The Warden of PICC or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case. In each succeeding month when the amount in Chapolini's inmate trust fund account exceeds $10.00, the Warden of PICC, or other appropriate official, shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to Chapolini's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

      3.      The clerk of court is **DIRECTED** to **SEND** a copy of this order to the Warden of PICC;

      4.      The complaint (Doc. No. 2) is **DEEMED** filed;

      5.      The complaint, other than Chapolini's individual capacity claims against the defendants, R.N. Keiady and Dr. Steven Wilbraham, are **DISMISSED IN PART WITHOUT PREJUDICE** and **DISMISSED WITH PREJUDICE** as follows:

      a.      Chapolini's official capacity claims against the defendants, R.N. Keiady and Dr. Steven Wilbraham, are **DISMISSED WITH PREJUDICE**;

      b.      Chapolini's claims against the City of Philadelphia and Commissioner Carney, his claim for the failure to protect against COVID-19, and his claim for the denial of medical care as it relates to COVID-19, are **DISMISSED WITHOUT PREJUDICE**;

      c.      Chapolini's requests for a declaration and for preliminary and permanent injunctive relief are **DISMISSED WITH PREJUDICE**;

      6.      Chapolini may file an amended complaint within **thirty (30) days** of the date of this order to attempt to cure the defects identified by the court in the claims dismissed without prejudice. Chapolini may not reassert a claim already dismissed with prejudice. Any amended

complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Chapolini's claims against each defendant. Chapolini **must include** in his amended complaint the individual capacity claims against the defendants, R.N. Keiady and Dr. Steven Wilbraham that survived statutory screening if Chapolini seeks to proceed on those claims. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Chapolini should be mindful of the court's reasons for dismissing the claims in his initial complaint as explained in the court's memorandum opinion. Upon the filing of an amended complaint, the clerk of court shall not make service until so ordered by the court;

7. The clerk of court is **DIRECTED** to send Chapolini a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Chapolini may use this form to file his amended complaint if he chooses to do so;[1]

8. If Chapolini does not amend his complaint within the **30-day period** referenced in paragraph six (6) of this order, only his individual capacity claims against the defendants, R.N. Keiady and Dr. Steven Wilbraham, based on the alleged deliberate indifference to Chapolini's serious medical needs, will be served for a responsive pleading. Chapolini may notify the court that he will only proceed on these claims by filing a Notice expressing that choice, and the court will order the complaint served on the defendants, R.N. Keiady and Dr. Steven Wilbraham;

9. Chapolini's motion to appoint counsel (Doc. No. 4) is **DENIED WITHOUT PREJUDICE** to Chapolini refiling the motion along with either (a) an amended complaint, or (b)

---

[1] This form is available on the court's website at: https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

a notice indicating that he was choosing to proceed only on his individual capacity claims against the defendants R.N. Keiady and Dr. Steven Wilbraham;[2] and

10. Chapolini's "Motion of Notification" (Doc. No. 9) is **DENIED**.[3]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] Until such time as the operative complaint in this case is finalized, the court cannot conduct the requisite analysis under *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), to determine whether this matter should be referred to the Pro Se Prisoners Civil Rights Panel.

[3] In the motion, Chapolini notes that the docket for the instant case indicates that it is "related to" a prior civil action he filed, which was docketed at Civil Action No. 18-2629. *See* Doc. No. 9. Chapolini requests that the clerk of court remove the "related to" designation because the subject matter of this case is not related to the subject matter of No. 18-2629. *See id.*

The court advises Chapolini that under Local Civil Rule 40.1(b)(3), "[a]ll habeas corpus petitions, pro se civil rights actions and social security appeals filed by the same individual shall be deemed related to a prior case filed in the same category of federal question cases." E.D. Pa. Loc. Civ. R. 40.1(b)(3). Thus, this case is deemed to be a related case to No. 18-2629 because Chapolini is the plaintiff in both cases and both cases are *pro se* civil rights cases (although the court recognizes that counsel eventually entered an appearance on Chapolini's behalf). Accordingly, the motion is denied.